

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# Joseph Aruanno v. Merrill Main

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4668

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Joseph Aruanno v. Merrill Main" (2008). *2008 Decisions.* Paper 1512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-137                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4668
_____

JOSEPH ARUANNO,

                                            Appellant

v.

MERRILL MAIN, DIRECTOR OF PSYCHOLOGY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-03867)
District Judge:  Honorable Dickinson R. Debevoise

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges.

Filed:  February 27, 2008
_____

OPINION
_____

PER CURIAM

       Joseph Aruanno appeals pro se from the order of the United States District Court

for the District of New Jersey dismissing his complaint under 28 U.S.C.

§ 1915(e)(2)(B)(ii) and section 1915A(b)(1). We will vacate the District Court's judgment and remand for further proceedings.

The procedural history of this matter is straightforward. In August 2007, Aruanno submitted a civil rights complaint and an application to proceed in forma pauperis ("IFP"). By order entered November 27, 2007, the District Court granted Aruanno's IFP application but dismissed the complaint, concluding that it failed to state a claim upon which relief may be granted. By order entered December 7, 2007, the District Court denied Aruanno's motion for reconsideration.[1] Aruanno appeals and proceeds IFP in this Court. We have jurisdiction under 28 U.S.C. § 1291.

In summary, as described in the District Court's opinion issued on November 21, 2007, the District Court considered the statements contained in Aruanno's IFP application and form complaint, which referred numerous times to an attached statement. Along with the complaint was a document described by the District Court as a portion of a complaint in another action, with an October 20, 2006 cover letter from Aruanno's pro bono counsel in another case to the New Jersey United States Attorney. The District Court described that other document in some detail. For example, the District Court listed the named

---

[1]The docket entries do not reflect that a motion for reconsideration was filed, and none appears in the record. However, there appears to be no dispute that the motion was filed and considered. We add that the motion was apparently timely filed under Rule 59(e) and Rule 6(a) of the Federal Rules of Civil Procedure, given the dates of entry of the District Court's orders dismissing the complaint and denying the motion for reconsideration.

defendants, which included Dr. Merrill Main, the same named defendant on Aruanno's form complaint in this action. The District Court also quoted the first few paragraphs of the document, in which Aruanno asserted, <u>inter alia</u>, that the defendants were denying him access to his attorneys in the pursuit of his ongoing litigation. Yet concerning the matter before it, the District Court found that, despite the indication on the form complaint that the defendants were "Merrill Main, et al.," Main was the sole defendant as the only one identified by name. Further, the District Court found that complaint was devoid of factual allegations save for "Please see attached statement," and that there was no attached statement other than the statement in support of Aruanno's IFP application. Noting that the IFP statement did not contain any allegations concerning Main, much less that Main did anything that violated Aruanno's civil rights, the District Court concluded that the complaint failed to state a claim. In denying the motion for reconsideration, the District Court noted that Aruanno submitted a copy of a letter dated October 20, 2006, which the District Court interpreted as from a law firm representing Aruanno in connection with a claim that defendants "have conspired to prevent him access to the civil courts."[2] However, the District Court concluded that Aruanno had not advanced sufficient reasons for reconsideration of the dismissal of his complaint.

---

[2]As noted above, the motion for reconsideration is not found in the record, but the District Court's description of the October 20, 2006 letter matches the letter submitted with the complaint.

3

In his notice of appeal, Aruanno states that the issue in his case is that he is being "denied access to [his] attorneys" and comments that the District Court "stated that he had not received my complaint in this matter but then quoted from it stating, 'it was another complaint'." Upon review of the record and consideration of Aruanno's pro se filings, particularly his notice of appeal, see Haines v. Kerner, 404 U.S. 519, 520 (1972), it is now apparent that the document submitted with the complaint, described by the District Court as a portion of a complaint in another action, was actually the "attached statement" to which Aruanno's form complaint referred. This "statement" does, in fact, identify Merrill Main and other named individuals by name as defendants. Moreover, the document also contains allegations specifically concerning Main and other listed defendants.

Because it appears that the District Court dismissed Aruanno's action and denied reconsideration on the basis that Aruanno did not present any allegations against the defendants, but it did so without ever considering the document intended to be Aruanno's statement of claims in the matter, we will summarily vacate the District Court's judgment and remand for further proceedings consistent with this opinion. We do not reach nor express any opinion regarding any possible merit to Aruanno's complaint.

4